ROBERT D. BASSETT # 192169
QUINLAN, KERSHAW & FANUCCHI
2125 Merced Street
Fresno, California 93721
Telephone: (559) 268-8771
Facsimile: (559) 268-5701
Email: david@qkffirm.com

Attorneys for Plaintiff, HEATHER NEWPORT

# UNITED STATE DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

HEATHER NEWPORT
    Plaintiff,

v.

THE UNITED STATES OF AMERICA
    Defendant.

Case No.

COMPLAINT FOR DAMAGES

Plaintiff, Heather Newport, alleges as follows:

## FIRST CAUSE OF ACTION
## MEDICAL NEGLIGENCE

1.  JURISDICTION: Jurisdiction is based upon 28 U.S.C. §§ 2671 et seq, as this is an action alleging negligence against Defendant, UNITED STATES OF AMERICA by its employees, agents and/or authorized representatives.

2.  VENUE: Venue in this District is proper in accordance with 28 U.S.C. Section 1391(a) and 1391(c), in that the medical negligence at issue occurred in the Eastern District of California.

3.  At all times herein mentioned, Plaintiff, Heather Newport, was a resident of the City of Tulare, State of California.

4.  Plaintiff is informed and believes that at all times herein mentioned or pertinent hereto, Veena Mamidi, M.D., ("Dr. Mamidi") was a deemed employee of the Public Health System, and therefore an employee of Defendant, UNITED STATES OF AMERICA, and was acting within the course and scope of her employment at the time of the negligence alleged herein.

5. On or about December 27, 2022, Plaintiff complied with all claims filing requirements related to this claim. More than six months have passed since the filing of the claim and therefor the filing of the instant complaint complies with the Federal Tort Claims Act ("FTCA").

6. On or about on or about February 17, 2022, Dr. Mamidi, failed to properly care for and treat Plaintiff during a C-Section, wherein Plaintiff sustained injury which resulted in massive blood loss requiring 5 blood transfusions. Plaintiff thereafter underwent an emergency hysterectomy, which plaintiff did not consent to. While undergoing the hysterectomy, a sponge was left in plaintiff which then required a third surgery to retrieve. The conduct of Dr. Mamidi fell below the requisite standard of care and was a legal cause of damage to Plaintiff.

7. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff sustained severe and serious injury to her person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

8. By reason of the foregoing, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and Plaintiff has been compelled to incur expenses for ambulance service, x-rays and other medical supplies and services. Plaintiff is informed and believes, and thereon alleges, that further services of said nature will be required by Plaintiff in an amount to be shown according to proof.

9. As a further actual, proximate and legal result of the incident as alleged, Plaintiff has sustained general damage, pain, suffering, anxiety, shock and distress in an amount to be shown according to proof.

WHEREFORE, Plaintiff pray judgment against Defendant, as follows:

1. For economic damages as will be shown according to proof;
2. For non-economic damages as will be shown according to proof;
3. For costs of suit;
4. For prejudgment interest; and
5. For such other and further relief as the Court may deem proper.

Dated: November 14, 2023.

QUINLAN, KERSHAW & FANUCCHI, LLP

Robert D. Bassett, Esq.
Attorneys for Plaintiff, Heather Newport