# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER NEWPORT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | Case No. 1:23-cv-01752-SAB<br><br>ORDER GRANTING MOTION TO STAY AND STAYING THIS MATTER<br><br>(ECF No. 42) |

　　On October 1, 2025, Defendant United States of America filed a motion for a continuance of all dates and to set a status conference in light of the lapse of appropriations. (ECF No. 42.) In the motion, Defendant noted that the federal government shutdown bars Department of Justice attorneys from working on civil matters, even on a voluntary basis, except in limited circumstances that are not relevant here. Because of this, and because it remains unknown when funds will be restored, Defendant moved for a continuance of all dates in this matter and to set a status conference. The Court construed the motion as a motion to stay and directed Plaintiff to file a response to the motion. (ECF No. 43.) On October 8, 2025, Plaintiff filed a non-opposition with the caveat that she did not agree to an automatic continuance of the trial date once the stay is lifted because "it is currently unknown as to the length of time funding will be unavailable and whether it will have any appreciable impact on the ability of the parties to prepare for trial. Any such finding[s] are premature at this juncture." (ECF No. 44.)

　　A district court "has broad discretion to stay proceedings as an incident to its power to

control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997), citing Landis v. North America Co., 299 U.S. 248, 254 (1936).  A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  Nken v. Holder, 556 U.S. 418, 433-34 (2009).  "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007). Instead, district courts should "balance the length of any stay against the strength of the justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000) (discussing that if a stay is especially long or its term is indefinite, a greater showing is required to justify it).

Upon review of the motion, the Court agrees that a stay is warranted in this matter because the government essentially cannot participate in the litigation of the case until funding is restored.  The Court also agrees with Plaintiff that it would be premature to discuss altering the trial date, given that the stay could possibly be for a short duration.  Furthermore, the parties have both proposed, though perhaps worded differently, that Defendant should be required to file a notice when funding is restored and that the Court should set a status conference soon thereafter.  On this, the Court agrees.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to stay (ECF No. 42) is GRANTED.  This matter is STAYED until Congress has restored appropriations to the Department of Justice or Congress enacts a continuing resolution.  Within **three (3) days** of the restoration of appropriations or enactment of a continuing resolution, Defendant shall file a notice thereof with the Court.  At that time, the Court will set a status conference to discuss whether modification to the scheduling order will be necessary.

IT IS SO ORDERED.

Dated:  **October 9, 2025**

_____
STANLEY A. BOONE
United States Magistrate Judge